UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA JEAN WALSTON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 11-CV-145-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec.16, 19.) Attorney Rebecca M. Coufal represents plaintiff; Special Assistant United States Attorney Michael S. Howard represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** defendant's Motion for Summary Judgment and **DENIES** plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff Linda Jean Walston (plaintiff) filed for disability insurance benefits (DIB) on September 24, 2008. (Tr. 121.) Plaintiff alleged an onset date of November 1, 2008. (Tr. 110.) Benefits were denied initially and on reconsideration. (Tr. 78, 82.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Marie Palachuk on January 21, 2010. (Tr. 37-75.) Plaintiff was represented by counsel and testified at the hearing. (Tr.55-66.) Medical expert Dr. Arthur Lorber and vocational expert K. Diane Kramer also testified. (Tr. 32-54, 66-72.) The ALJ denied benefits (Tr. 15-23) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -1

§ 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was born on March 24, 1952 (Tr. 55) and was 57 years old at the time of the hearing. She has a high school education and took some technical college-level classes. (Tr. 61.) She has work experience as a computer operations supervisor, computer systems analyst, computer technical support provider, computer instructor and newspaper carrier. (Tr. 55-56, 58, 62-63.) At the time of the hearing, she had a paper route for one or two hours on Saturday evenings. (Tr. 55.) She considers herself disabled because she goes to the bathroom all the time. (Tr 57.) She uses pads for incontinence but they do not work, and she testified she cannot afford adult diapers. (Tr. 59.) Plaintiff testified she stopped taking prescription medications because they made her dry. (Tr. 56.) She said she did not have follow up testing recommended by her urologist because she did not have the money to pay for it. (Tr. 57.) Plaintiff testified she has been fired from more than one job for going to the bathroom too frequently. (Tr. 57.) When she is home, she gets depressed and lonely but can do some work around the house. (T. 65.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler,* 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services,* 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be

upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of

impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since November 1, 2008, the alleged onset date. (Tr. 17.) At step two, the ALJ found plaintiff has the following medically determinable impairments: urinary incontinence, knee pain, numbness in three fingers bilaterally, and hypertension. (Tr. 17.) However, the ALJ determined plaintiff does not have a severe impairment or combination of impairments. (Tr. 21.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from November 1, 2008 through the date of the decision. (Tr. 23.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) the finding of no severe impairment is an error of law and is not supported by substantial evidence; (2) the ALJ improperly substituted her opinion for medical evidence; and (3) the credibility finding is inadequate as a matter of law. (ECF No. 17 at 6-16.) Defendant argues the ALJ: (1) made a proper step two determination; (2) reasonably evaluated the medical evidence; and (3) properly found plaintiff less than credible. (ECF No. 20 at 6-12.)

## DISCUSSION

At the outset, it is noted that the evidence in this matter is limited and there are large gaps in the medical record. Plaintiff alleges an onset date of November 1, 2008, but the majority of the evidence predates the alleged onset date. The record begins with a physical exam by Dr. Stream in August 1999. (Tr. 225.) Plaintiff complained of some urinary stress incontinence and symptoms of urge incontinence and began medication. (Tr. 225.) Seventeen months later, in January 2001, plaintiff complained of urinary incontinence again and reported the medication had been too drying. (Tr. 227.) In February 2001, plaintiff was referred to a urologist who concluded plaintiff has aspects of both overflow incontinence and stress incontinence and recommended further evaluation. (Tr. 228.) There is no medical record for the three-year period from March 2001 to June 2004. There is evidence of nine visits to medical providers between July 2004 and February 2007, but urinary incontinence was not mentioned at any of these visits. (Tr. 229-46.) There is no medical record for the nearly two-year period from March 2007 until a consultative examination in January 2009. The examining physician,

Dr. Weir, concluded plaintiff has stress and urgency incontinence, presumably based on plaintiff's self-report, but determined the condition, while embarrassing, is not physically limiting.[1] (Tr. 213-14.) The only other medical record is a note from an office visit dated July 2009, but urinary incontinence was not mentioned in that record, either.[2] (Tr. 247.) In summary, the record contains no mention of plaintiff's allegedly disabling condition over the eight-year period from February 2001 until January 2009, and no mention of urinary incontinence after the January 2009 consultative examination.

**1.     Credibility**

Plaintiff argues the ALJ did not provide the necessary basis for the credibility determination. (ECF NO. 17 at 12-15.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's

---

[1] Dr. Weir's opinion was given no weight by the ALJ and that finding is not challenged by plaintiff. (Tr. 23.)

[2] The record also contains the March 2009 opinion of Dr. Wolfe, a consulting non-examining physician. (Tr. 216-24.) Dr. Wolfe's opinion was based largely on Dr. Weir's findings; as such, the ALJ rejected Dr. Wolfe's opinion. (Tr. 23.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -6

condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted).

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but the plaintiff's statements regarding the intensity, persistence and limiting effects of those symptoms are not credible to the extent they are inconsistent with the finding that plaintiff has no severe impairment. (Tr. 22.) The ALJ cited several reasons for finding plaintiff less than credible. First, the ALJ pointed out that despite plaintiff's allegation that her urinary incontinence is disabling, she has not been seen or treated for that condition for over nine years. (Tr. 22.) The ALJ is permitted to consider the claimant's lack of treatment in making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ pointed out plaintiff worked with the allegedly disabling condition for seven years. (Tr. 22.) As observed by defendant, plaintiff obtained medical consultation and treatment as needed for conditions other than urinary incontinence, so it is reasonable to expect that plaintiff would have also complained to her medical providers about symptoms from urinary incontinence so severe as to be disabling. (ECF No. 20 at 10-11.) The ALJ's conclusion that plaintiff's lack of treatment for urinary incontinence reflects negatively on her credibility is supported by the evidence.

Next, the ALJ observed plaintiff has been noncompliant with medication and treatment recommendations for her medical conditions. (Tr. 23.) It is well-established that unexplained non-

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -7

compliance with treatment reflects on a claimant's credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1113 -1114 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir.1996); *Fair v. Bowen*, 885 F.2d 597, 603 -604 (9th Cir. 1989) Similarly, "the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure." SSR 96–7p. The ALJ pointed out plaintiff was noncompliant with the recommendation to wear wrist splints. (Tr. 23, 212, 244.) Similarly, plaintiff was counseled to stop smoking and reduce her caffeine intake, but continues to smoke a pack a day and drink significant caffeine. (Tr. 23, 212, 242, 244, 246.) When asked why she did not take medication prescribed for urinary incontinence, plaintiff testified she only took them a month or two and stopped because they made her mouth dry. (Tr. 22, 56.) It was not unreasonable for the ALJ to conclude plaintiff's credibility is undermined by what could be construed as a pattern of not following medical advice. The ALJ's reasoning is supported by the evidence and constitutes a clear and convincing reason supporting the credibility finding.

      Lastly, the ALJ pointed out that plaintiff's alleged pain and symptoms are not supported by the objective medical evidence in the record. (Tr. 23.) While subjective pain testimony may not be rejected solely because it is not corroborated by objective medical findings, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); 20 C.F.R. § 416.929(c)(2). As noted *supra*, there is no objective evidence of urinary incontinence in the record from 2001 to 2009. Plaintiff did not complain about urinary incontinence during any of the nine office visits from 2004 to 2007, nor during her July 2009 office visit. In 2009, Dr. Weir diagnosed stress and urgency incontinence and concluded the condition is embarrassing but not physically limiting.[3] (Tr. 214-15.) The medical expert testified there

---

[3] It is noted that the ALJ assigned no weight to Dr. Weir's opinion because manipulative limitations assessed by Dr. Weir were not supported by objective evidence. (Tr. 23.) The ALJ did not comment on Dr. Weir's opinion regarding plaintiff's urinary incontinence, but Dr. Weir's opinion is

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -8

is no evidence supporting a finding of severe impairment. (Tr. 52.) As such, the objective medical evidence does not support plaintiff's alleged limitations. This is a clear and convincing reason supported by substantial evidence for assigning less weight to plaintiff's complaints.

Plaintiff's argument is unclear and does not allege any particular error with respect to the ALJ's reasoning or interpretation of the evidence. The court concludes the ALJ's reasons are specific, clear and convincing, and are supported by substantial evidence. As a result, the ALJ's credibility finding is legally sufficient and there is no error.

**2.    Step Two**

Plaintiff argues the ALJ should have determined her urinary incontinence is a severe impairment at step two. (ECF No. 17 at 8-9.) At step two of the sequential process, the ALJ must determine whether Plaintiff suffers from a "severe" impairment, i.e., one that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. § 416.920(c). To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The fact that a medically determinable condition exists does not automatically mean the symptoms are "severe" or "disabling" as defined by the Social Security regulations. *See e.g. Edlund*, 253 F.3d at 1159-60; *Fair*, 885 F.2d at 603; *Key v. Heckler*, 754 F.2d 1545, 1549050 (9th Cir. 1985).

The Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." S.S.R. 85-28. The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in S.S.R. 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987). "The severity requirement cannot be satisfied when medical evidence shows that the person has the ability to perform basic work activities, as required in most jobs." S.S.R. 85-28. Basic work activities include: "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

---

consistent with the ALJ's conclusions.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -9

seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting." *Id.*

Further, even where non-severe impairments exist, these impairments must be considered in combination at step two to determine if, together, they have more than a minimal effect on a claimant's ability to perform work activities. 20 C.F.R. § 416.929. If impairments in combination have a significant effect on a claimant's ability to do basic work activities, they must be considered throughout the sequential evaluation process. *Id.*

Plaintiff asserts the ALJ improperly relied on the opinion of the medical examiner at step two in finding no severe impairment. (ECF No. 17 at 9.) Without citing any legal authority, plaintiff suggests Dr. Lorber's testimony was ambiguous and the ALJ should have consulted a urologist or sent plaintiff to a urologist for a consultative exam. (ECF No. 17 at 9.) However, Dr. Lorber actually stated he saw "no evidence for any restriction or any evidence of a severe impairment." (Tr. 52.) He also stated that he could not comment "further" on plaintiff's urologic status because he is not a urologist and there is a lack of evidence about that problem. (Tr. 52.) As a physician and medical expert, Dr. Lorber is qualified to opine regarding the medical record as it relates to the severity of an impairment, even though he is not a specialist regarding one of the conditions at issue. Dr. Lorber gave no indication that the testimony of a urologist was necessary or that he could not form an opinion about the severity of plaintiff's urinary incontinence based on the record. The ALJ did not err by relying the on the testimony of the medical expert.

With respect to the suggestion that the ALJ should have developed the record regarding plaintiff's urologic condition, the record before the ALJ was neither ambiguous nor inadequate to allow for proper evaluation of the evidence. *See Mayes v. Massanari*, 276 F.3d 453, 460 (9th Cir. 2001). The government is not required to bear the expense of an examination for every claimant. *See* 20 C.F.R. § 404.1517. As the ALJ pointed out, plaintiff had no treatment or follow up for urinary incontinence after 2001 and did not mention her allegedly disabling condition to any provider over an eight-year period. There is no ambiguity or inadequacy in the record regarding a condition which plaintiff did not complain about to her medical providers for over eight years.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -10

Without citing any legal authority, plaintiff also suggests the ALJ erred in finding plaintiff's incontinence does not interfere with basic work activities. (ECF No. 17 at 9-10.) Without citing the record, plaintiff references her own testimony that she lost two jobs due to incontinence. (ECF No. 17 at 9-10.) However, as discussed *supra*, the ALJ properly found plaintiff is less than credible. Plaintiff's less than credible testimony cannot by itself establish a severe impairment. Furthermore, even if plaintiff was credible, her testimony that she was fired from two jobs due to urinary incontinence does not establish a severe impairment. She reported she was fired in 1999 and 2000 for issues related to restroom use. (Tr. 57, 125.) As the ALJ pointed out, plaintiff went on to work at substantial gainful activity for another seven years, during which time she did not complain about or seek treatment for urinary incontinence.[4] (Tr. 22.) The evidence does not support plaintiff's argument and the ALJ did not err in finding no severe impairment at step two.

**3.    Medical Evidence**

Plaintiff argues the ALJ improperly substituted her opinion for evidence regarding the effects of plaintiff's impairments. (ECF No. 17 at 11-12.) Plaintiff's argument is unclear. Without citing any legal authority, plaintiff asserts:

> The ALJ cannot find medically determinable impairments (as she did in this case), find that those medically determinable impairments could 'reasonably be expected to produce the alleged symptoms['] and then find, without the assistance of an appropriate ME, that the urinary incontinence was not severe and did not produce the intensity fo symptoms claimed.

(ECF No. 17 at 11-12.) This argument has no foundation in law or fact and is rejected. Plaintiff goes on to argue that, "By making these finding[s] the ALJ substituted her own opinion for the medical evidence presented in the record." (ECF No. 17 at 12.) There is authority indicating the ALJ may not substitute her opinion for that of medical doctor. *E.g., Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir.1975); *see also Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999) (As a lay person, an ALJ is "not at liberty to ignore medical evidence or substitute his own views for uncontroverted medical opinion"; he is "simply not qualified to interpret raw medical data in functional terms."); *Balsamo v. Chater*, 142 F.3d 75, 81 (2d

---

[4] Plaintiff testified the last job she had before her current part-time job was a paper route for eight years. (Tr. 58.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -11

Cir.1998) (" '[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion ....' " (citations omitted)); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996) (ALJ "must not succumb to the temptation to play doctor and make [his] own independent medical findings."); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir.1985) (ALJ may not substitute his interpretation of laboratory reports for that of physician). However, plaintiff has failed to demonstrate how the ALJ substituted her opinion for the opinion of any physician in the record. The medical expert testified unequivocally, "I see no evidence for any restriction or any evidence of a severe impairment." (Tr. 52.) The ALJ's step two findings are consistent with the testimony of the medical expert. Plaintiff's suggestions that Dr. Lorber declined to make any statement whatsoever about the medical record as it pertains to urinary incontinence is without basis in the record. Even if Dr. Lorber's testimony could be perceived as ambiguous in some way, it is the ALJ's duty to resolve ambiguities in the evidence. *See Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1985). The ALJ did not erroneously substitute her opinion for the opinion of a medical expert and did not err in finding no severe impairment at step two.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

Accordingly,

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 19)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 16)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED October 24, 2012

S/ JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT -12